**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>AMSTERDAM HOUSE CONTINUING CARE RETIREMENT COMMUNITY, INC. AKA THE AMSTERDAM AT HARBORSIDE AKA THE HARBORSIDE AKA HARBORSIDE LEGACY FUND AKA HARBORSIDE LEGACY FOUNDATION[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 21-71095 (AST) |

**ORDER ESTABLISHING CERTAIN NOTICE, CASE MANAGEMENT, ADMINISTRATION PROCEDURES AND OMNIBUS HEARING DATES**

Upon the emergency motion (the "<u>Motion</u>")[2] of the debtor in the above-captioned chapter 11 case (the "<u>Debtor</u>") for entry of an order (this "<u>Order</u>"), pursuant to sections 102(1) and 105(a) of the Bankruptcy Code, Bankruptcy Rules 2002, 9006, 9007, and 9014, and Local Rule 9036, authorizing the Debtor to implement the case management procedures set forth in the Proposed Order (the "<u>Case Management Procedures</u>"); and upon consideration of the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the standing order with respect to referral of bankruptcy cases from the United States District Court for the Eastern District of New York dated December 5, 2012; and this matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and this Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of this proceeding and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors, and other

---

[1] The last four digits of the Debtor's federal tax identification number are 1764. The Debtor's mailing address is 300 East Overlook, Port Washington, New York 11050.

[2] All capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Motion.

parties in interest; and this Court having found that the Debtor's notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at an interim hearing and, if necessary, a final hearing, before this Court; and all objections, if any, to the Motion having been withdrawn, resolved or overruled; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The relief requested in the Motion is GRANTED as set forth herein on a final basis.

2. The Noticing and Claims Agent shall serve this Order upon all parties on the Master Service List within three (3) business days after entry of this Order and post the Order on the Case Website.

3. The following Case Management Procedures are approved and shall govern all applicable aspects of this chapter 11 case, except as otherwise ordered by this Court:

   I. **Filing and Notice Procedures; Deadlines for Filing Responsive Pleadings**

   A. <u>Procedures Established for Filing Court Papers</u>. All Court Papers filed in this chapter 11 case shall be filed electronically with the Court on the docket of *In re Amsterdam House Continuing Care Retirement Community, Inc.*, Case No. [21-71095] by registered users of this Court's electronic case filing system. Further, at least one hard copy of the first day motions filed with this Court in a binder, tabbed and divided with an index shall be marked "<u>Chambers Copy</u>" and delivered to the chambers of the Honorable Chief Judge Alan S. Trust, United States Bankruptcy Court, Alfonse M. D'Amato U.S. Courthouse, 290 Federal Plaza, Central Islip, NY 11722, no later than the next business day following the date on which such document is electronically filed.

   B. <u>Master Service List</u>. The Noticing and Claims Agent shall maintain a master service list, which shall include the mailing address information (and e-mail address, where available) of the following parties:

      1. The Office of the United States Trustee for the Eastern District of New York (the "<u>U.S. Trustee</u>");

      2.      The Debtor and its counsel;

      3.      Counsel to any official committee appointed in the chapter 11 case;

      4.      Counsel to the 2014 Bond Trustee;

      5.      The 30 Largest Unsecured Creditors;

      6.      Office of the U.S. Attorney for the Eastern District of New York;

      7.      Regulatory governmental agencies, including the Nassau County Industrial Development Agency, the Treasurer of the County of Nassau, the New York State Department of Health, the New York State Department of Financial Services, the New York State Attorney General, the Centers for Medicare and Medicaid Services, the Internal Revenue Service, the Securities and Exchange Commission, and the Tax Division of the United States Department of Justice;

      8.      Any other federal, state, or local governmental agency to the extent required by the Bankruptcy Code, Bankruptcy Rules, Local Rules, or order of the Court; and

      9.      Those who have formally appeared and requested service in this case pursuant to Bankruptcy Rule 2002 (the "Rule 2002 Parties").

Any party that wishes to be removed from the Master Service List must file a notice on the docket withdrawing its appearance in this chapter 11 case.

C.     Notice Requests. To receive notice, any other party in interest must file a notice of appearance and a request for service of Court Papers (a "Notice Request") and serve a copy of such Notice Request upon each of the parties set forth on the Master Service List. Each Notice Request must include such party's: (a) name, (b) address at which the requesting party can be served by U.S. Mail, hand delivery or overnight delivery, (c) client name, unless appearing solely on its own behalf, (d) telephone number, (e) facsimile number, and (f) e-mail address at which the requesting party can be served, unless the party files and serves an E-Mail Exemption Request (as defined below).

    1.    To the extent that a Notice Request does not contain an e-mail address, the requesting party shall not be entitled to service of papers until such party: (a) files a request to be exempted from providing an e-mail address (an "E-mail Exemption Request"), and (b) serves a copy of such E-mail Exemption Request upon each of the parties on the Master Service List as of the date thereof. Notices will be provided to a party that files an E-mail Exemption Request by U.S. Mail, overnight delivery, hand delivery, or facsimile, in the sole discretion of the serving party.

    2.    Each party that files a Notice Request, other than any party that files and serves an E-mail Exemption Request in accordance with these Case Management Procedures, shall be deemed to have consented to electronic service of papers.

    3.    Notwithstanding anything contained herein, the U.S. Trustee is entitled to service of papers either by facsimile, overnight mail, first-class mail or hand delivery.

    4.    The Debtor shall use reasonable efforts to update the Master Service List as often as practicable, but in no event less than once every month.

    5.    The Master Service List and any updates thereto shall be filed electronically on the Court's website, https://www.nyeb.uscourts.gov/ (the "Court's Website"), and posted on the Case Website within ten (10) days from the date hereof.

D.    Notice of Filings. Unless otherwise provided herein, notice of a motion or pleading filed in this chapter 11 case, including matters subject to Bankruptcy Rule 2002 and the Local Rules, is sufficient when such motion or pleading is served via e-mail upon:

    1.    the parties on the Master Service List;

    2.    any parties that have made a Notice Request in accordance with these Case Management Procedures since the Noticing and Claims Agent last filed the Master Service List; and

    3.    any party against whom direct relief is sought in such matter (an "Affected Party").

Notwithstanding the foregoing paragraph and unless otherwise ordered by the Court or proscribed by the Bankruptcy Code, the Noticing and Claims Agent, or any other party providing service, shall serve notice via mail or other means of physical delivery of the following Court Papers (the "Critical Pleadings") and deadlines on all parties in interest:

        1.      notice of the first meeting of creditors pursuant to section 341 of the Bankruptcy Code;

        2.      the time fixed for filing proofs of claim pursuant to Bankruptcy Rule 3003(c);

        3.      the time fixed for filing objections to, and the hearing to consider approval of, a disclosure statement;

        4.      the time fixed for filing objections and any hearing to consider confirmation of a chapter 11 plan;

        5.      entry of an order confirming a chapter 11 plan; and

        6.      notice for approval of the sale of all or substantially all of the Debtor's assets.

E.    <u>Service by Electronic Mail</u>. Subject to the limited exclusions set forth in Section I.C. and I.D. herein, each party that has filed a Notice Request shall be deemed to have consented to electronic service of Court Papers.

        1.      If notice is served by electronic mail, service of a paper copy of Court Paper on Affected Parties by any other method is not necessary and shall satisfy the Court's rules for service. Service by e-mail shall be effective as of the date the document is sent to the e-mail address provided by each recipient;

        2.      All documents served by the Noticing and Claims Agent, or any other party, by e-mail shall include access to an attached file containing the entire document, including the proposed form(s) of order and any exhibits, attachments, and other relevant materials, in Portable Document Format ("<u>PDF</u>"), readable by Adobe Acrobat or an equivalent program. Notwithstanding the foregoing, if a document cannot be attached to an e-mail (because of its size, technical difficulties, or other concerns), the Noticing and Claims Agent may, in its sole discretion, (a) serve the entire document by U.S. Mail, hand delivery, overnight delivery, or facsimile, including the proposed form(s) of order and any exhibits, attachments, and other relevant materials; or (b) e-mail the party being served and include a hyperlink to the service document which will be hosted on a public access website; and

        3.      The filing deadlines and requirements set forth herein do not require three (3) additional days' notice applicable to contested matters or adversary proceedings, as set forth in Bankruptcy Rules 9014(b), and 7005(b)(2)(D) and 9006(f), respectively.

F.     <u>Notice of Commencement</u>. The Noticing and Claims Agent shall be authorized to mail the notice of commencement of this chapter 11 case.

G.     <u>Serving Adversary Proceedings</u>. All pleadings and other Court Papers in any adversary proceeding commenced in this chapter 11 case shall be served upon each Affected Party and other entities required to be served under any applicable Bankruptcy Rule or Local Rule.

H.     <u>Service of Orders</u>. All parties submitting orders shall serve a conformed copy of any order entered by the Court on (a) each Affected Party, (b) the Noticing and Claims Agent, and (c) the Debtor within two (2) business days of entry of the order. The Debtor shall post all orders on the Case Website.

I.     <u>Affidavit of Service</u>. Upon the completion of noticing any pleading or Court Paper, the party seeking relief shall file with the Court within three (3) business days either an affidavit of service or a certification of service, attaching the list of parties that received notice, provided that the parties shall not be required to serve the certificate of service on such recipients.

J.     <u>Deadline for Objections</u>. The deadline to file a response or objection to any request for relief shall be: (a) **4:00 p.m. (prevailing Eastern Time)** on the date that is at least **seven (7) days** before the applicable hearing date, or (b) such other date ordered by the Court. The deadline may be extended with the consent of the movant or the applicant.

K.     <u>Form of Objections</u>. Any response or objection must (a) be in writing, (b) conform to the Bankruptcy Rules and Local Rules, and (c) set forth the name of the objecting or responding party, the basis of such response or objection, and the specific grounds therefor.

L.     <u>Deadlines for Replies</u>. Unless otherwise ordered by the Court, a reply to an objection shall be filed with the Court and served in accordance with the Case Management Procedures on or before **4:00 p.m. (prevailing Eastern Time)**, on the day that is **three (3) days** before the date of a hearing. The deadline may be extended with the consent of the movant or the applicant.

M.     <u>Service of Objections and Replies</u>. Registered users of the case filing system for the Court shall electronically file their objections, responses, and replies. All other parties in interest must file their objections, responses, and replies via an electronic storage unit, such as a compact disc or flash drive (preferably in PDF, Microsoft Word, or other Windows-based word processing format). The objection, response, or reply will not be considered timely filed unless filed with the Court and served in accordance with Section I.D. and I.E. hereof and on any other Affected Parties on or before the applicable objection or reply deadline. Hard copies of pleadings shall only be required in accordance with Chief Judge Trust's posted procedures for Chambers Copies available at: https://www.nyeb.uscourts.gov/judge-trusts-procedures#1002.

**II.  Service Procedures for Residents of the Debtor**

   A.   <u>Master Resident Lists</u>.  The Debtor is authorized to file master resident lists under seal for each of the (a) current Residents, (b) prospective Residents, and (c) former Residents (collectively, the "<u>Master Resident Lists</u>").

   B.   <u>Service on Residents</u>.  Additionally, the Noticing and Claims Agent is authorized to serve all pleadings and Court Papers on each or all of the Master Resident Lists, to the extent they are Critical Pleadings or such Residents expressly requested to receive such notice or would otherwise be an Affected Party.  The relevant certificate of service filed with the pleading or Court Paper will state that it was served upon all parties on the Master Resident Lists.  In evidencing service on a Resident, the Noticing and Claims Agent shall reference the Resident's creditor number only, which will enable the Court to cross-reference the Protected Resident Information filed under seal to verify service was completed on a particular individual.

   C.   <u>Redacted Court Papers</u>.  Notwithstanding Section II.A. and II.B. hereof, all pleadings or Court Papers containing Protected Resident Information shall be filed publicly with Protected Resident Information redacted, and an un-redacted copy shall be filed under seal with the Court, in order to ensure that any Protected Resident Information is not publicly disseminated or inadvertently disclosed.

   D.   <u>Business Associate Agreement</u>.  The Debtor's Noticing and Claims Agent will assist with noticing and balloting in this chapter 11 case.  In connection with retaining the Noticing and Claims Agent, the Debtor shall require that the Noticing and Claims Agent enter into a "<u>Business Associate Agreement</u>" with the Debtor, pursuant to which the Noticing and Claims Agent shall agree to hold the Protected Resident Information under the same constraints as the Debtor.

      1.   Under the Business Associate Agreement, the Noticing and Claims Agent will be permitted full access to the Protected Resident Information so it can provide required notice to the Residents, including notice of bar dates, balloting, and voting information.

      2.   The Noticing and Claims Agent shall not disclose the Protected Resident Information to any third party absent consent of the respective Resident and/or further order of this Court.

      3.   The Business Associate Agreement will also provide that the Noticing and Claims Agent shall return or destroy all Protected Resident Information once all claims are administered and all notices are distributed as required by HIPAA and its associated regulations.

   E.   <u>Resident Disclosure</u>. To the extent any Resident discloses his or her health

information in any pleading, proof of claim, notice, or other publicly available document, the Debtor and its professionals shall, and to the extent required by the Bankruptcy Code, the bankruptcy Rules, or any other applicable law, rule, or court order, include protected health information about the Resident in any subsequent pleading, notice, document, list, or other public disclosure made in connection with this chapter 11 case, and such use or disclosure shall not be deemed to be an "impermissible disclosure" within the meaning of HIPAA or any regulation promulgated thereunder.

### III. Omnibus Hearing Dates

A. <u>All Matters to be Heard at Omnibus Hearings</u>. This Court shall schedule periodic Omnibus Hearings to consider all Court Papers and other requests for relief, all briefs, memoranda, affidavits, declarations, replies, and other documents filed in support of such papers seeking relief (individually, a "<u>Request for Relief</u>" and collectively, the "<u>Requests for Relief</u>") and all objections and responses to such Requests for Relief pursuant to the following procedures described in this section.

B. <u>Ordinary Scheduling Procedures</u>. Except as otherwise provided herein, in the event that a party files and serves a Request for Relief at least 14 days before the next regularly scheduled Omnibus Hearing date, the hearing regarding such filing shall take place on such Omnibus Hearing date.

C. <u>Bankruptcy Rule 2002 Scheduling Procedures.</u> Requests for Relief addressed in Bankruptcy Rules 2002(a)-(b) shall be scheduled on the next available Omnibus Hearing date following the expiration of the time period set forth in the applicable Bankruptcy Rule.

D. <u>Pre-Trial Conferences</u>. Initial pre-trial conferences in connection with adversary proceedings involving the Debtor shall be set on the next available Omnibus Hearing date that is at least 45 days after the filing of the complaint, unless otherwise directed by the Court.

E. <u>Emergency Scheduling Procedures</u>. If a movant or an applicant other than the Debtor determines that a Request for Relief requires emergency or expedited relief, the movant or applicant shall telephonically contact (a) the Debtor's attorneys, (b) counsel to the 2014 Bond Trustee, and (c) counsel to any official committee appointed in this case and request that the Request for Relief be considered on an expedited basis. If the Debtor or any appointed creditors' committee disagrees with the movant's or applicant's determination regarding the emergency or expedited nature of the relief requested, the movant or applicant may: (a) file a motion with the Court, (b) request a hearing, or other relief, by email to the Judge's Courtroom Deputy, Yvette Mills, to be held among the Court, the Debtor's attorneys, any attorneys appointed for any creditors' committee, and the movant or applicant to discuss the disagreement.

F. <u>Non-Core Parties</u>. If a party other than one listed on the Master Service List

        purports to set a hearing date inconsistent with the procedures established herein, the hearing shall be scheduled, without the necessity of a Court order, for the first Omnibus Hearing date after the applicable notice period has expired, and the Debtor shall provide the movant with notice of the procedures established herein within five (5) business days of the Debtor's receipt of the erroneously filed documents.

G.     <u>Initial Omnibus Hearings</u>. The first two Omnibus Hearings shall be held on the following dates and times:

        July 13, 2021 at 11:30 a.m. (prevailing Eastern Time)

        August 25, 2021 at 9:30 a.m. (prevailing Eastern Time)

H.     <u>Subsequent Omnibus Hearings</u>. At or before the Omnibus Hearing held on July 13, 2021 at 11:30 a.m. (prevailing Eastern Time), the Debtor may request that this Court schedule additional Omnibus Hearings. This Court shall schedule such Omnibus Hearings and, upon scheduling, the Noticing and Claims Agent shall post the date of the Omnibus Hearing on its website for this case. Entities may contact the Noticing and Claims Agent for information concerning all Omnibus Hearings.

I.     <u>Telephonic Participation in Hearings</u>. If the Court permits telephonic or video participation, the party participating telephonically or by video must arrange such alternative participation, adhering to the procedures for telephonic participation applicable in the United States Bankruptcy Court for the Eastern District of New York as well as the procedures set forth by Chief Judge Trust at <u>https://www.nyeb.uscourts.gov/content/chief-judge-alan-s-trust</u>. At this time, all hearings are being held by telephone or video due to the ongoing COVID-19 pandemic. Any changes to this procedure shall be noted by separate order(s).

J.     <u>Notices of Requests for Relief</u>. A notice shall be affixed to the front of any Request for Relief, and the notice shall set forth (a) the title of the Request for Relief, (b) the time and date of the objection deadline (as determined herein) and (c) the Omnibus Hearing date at which the party intends to present the Request for Relief. The notice may also include a statement that the relief requested therein may be granted without a hearing, if no objection is filed and served in accordance with the Local Rules and Case Management Procedures. If the notice filed with a Request for Relief includes such a statement, after the objection deadline has passed and if no objection has been filed and served in accordance with the Local Rules and Case Management Procedures, counsel to the entity who has filed a Request for Relief may file a certification that no objection has been filed or served on the entity who has filed the Request for Relief and may request that the proposed order be entered without a hearing. At such time, the Court may grant the relief requested without further submission, hearing, or request. If the Court does not grant the relief the decision shall not constitute an extension of the objection deadline related thereto, unless otherwise

9

         agreed between the applicable parties.

    K.    <u>Proposed Hearing Agenda</u>.  By noon on the day prior to each hearing day, the Debtor shall provide to the Master Service List and any party in interest with matters before the Court that day, a proposed agenda with regard to the matters which are or were to be heard on such hearing day.

## IV. Operating Report

    A.    <u>Monthly Operating Reports</u>.  The Debtor shall file a monthly operating report electronically with the Clerk's office (the "<u>Operating Report</u>"), and serve a copy of the Operating Report on the U.S. Trustee, counsel to the 2014 Bond Trustee, and counsel to any creditors' committee appointed in this chapter 11 case, in conformance with the U.S. Trustee's guidelines.  The Operating Report shall be filed by the 20th day of the month following the reporting period.

## V. Special Proceedings

    A.    <u>Settlements</u>.  In the event the parties reach agreement on a settlement with respect to a matter which was properly noticed for hearing, the parties shall advise the Court of the settlement via email to <u>ast_hearings@nyeb.uscourts.gov</u> at least 24 hours in advance of the scheduled hearing, or if the parties cannot do so, may announce the settlement at the scheduled hearing.  In the event the Court determines that the notice of the dispute and the hearing adequately notices the effects of the settlement (i.e., that the terms of the settlement are not materially different from what parties in interest could have expected if the dispute were fully litigated), the Court may approve the settlement at the hearing without further notice of the terms of the settlement.  In the event the Court determines that additional or supplemental notice is required, the Noticing and Claims Agent shall serve such notice in accordance with the Case Management Procedures herein and a hearing to consider such settlement shall be scheduled for the next hearing date deemed appropriate by the Court.

    B.    <u>Automatic Stay Proceedings</u>.  Notwithstanding anything contained herein, unless otherwise ordered by the Court, requests to lift the automatic stay shall be scheduled for the next omnibus hearing date that is at least 21 days after the motion is filed and notice is served upon the Debtor and such request shall be highlighted in the motion filed. Notwithstanding section 362(e) of the Bankruptcy Code, if a hearing to consider any such request is (a) adjourned upon the consent of the Debtor and the moving party, or (b) automatically scheduled in accordance with the Case Management Procedures to a date that is 30 days after a party requests such relief, the automatic stay shall be deemed to continue until the Court makes a final determination of the relief requested.

    C.    <u>Discovery Disputes</u>.  In the event of a discovery dispute in the chapter 11 case, counsel shall first meet and confer in an effort to resolve such dispute.  If counsel are unable to resolve the dispute, counsel for any party seeking assistance from

the Court shall, before filing any discovery motion, request a telephone conference call with the Court and all counsel involved in the dispute; any such request shall be emailed to AST_Hearings@nyeb.uscourts.gov and shall include a letter filed on the docket which outlines the issue(s) on which the Court's intervention is sought, along with a certification of the good faith efforts which have been made to attempt to resolve the issue(s). The Court will endeavor to resolve the dispute without the filing of any discovery motions.

4. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed as (a) an admission as to the validity or priority of any claim or lien against the Debtor, (b) a waiver of the Debtor's right to subsequently dispute such claim or lien on any grounds, (c) a promise or requirement to pay any prepetition claim, (d) an implication or admission that any particular claim is of a type specified or defined in the Motion or this Order, (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code, or (f) a waiver of the Debtor's or any other party in interest's rights under the Bankruptcy Code or any other applicable law.

5. Notice of the Motion shall be deemed good and sufficient notice of such Motion, and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are waived by such notice.

6. The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

7. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Dated: June 22, 2021**
**Central Islip, New York**

**Alan S. Trust**
**Chief United States Bankruptcy Judge**